## HACKES VS. KATZENSTEIN.

PRACTICE : *Answer disregarded as a nullity.*

Where defendant fraudulently served upon plaintiff a copy of what purported to be a verified answer, the original having never been verified in fact, it was not error for the court to strike out the answer as a nullity.

APPEAL from the Circuit Court for *Milwaukee* County.

After service of what purported to be a copy of a verified answer in this action had been served upon the plaintiffs, and after the time for answering had expired, upon proof that the verification of the original answer, which purported to be made by the defendant, was not in fact sworn to or signed by him, but by some other person in his name; the court ordered the answer to be disregarded, and judgment to be entered against the defendant. Afterwards the defendant moved to set aside the judgment, upon affidavits showing that said answer had been served, and had never been returned to his attorney, and that the order for judgment was obtained without notice. There was no affidavit of merits. The plaintiffs filed affidavits with further proof of the fraudulent character of the pretended verification. The court refused to set aside the judgment ; and defendant appealed.

*A. C. Fraser*, for appellant.*

*Butler & Winkler*, for respondent.

COLE, J. Under the circumstances, we think the circuit court was entirely justified in treating the answer as a nullity. It appears that the plaintiff's attorneys were served with what purported to be a

---

* Mr. Fraser was not the defendant's attorney in the court below ; and there is no evidence in the record that the gentleman who was employed as such attorney had any connection with the fraud. REP

copy of an answer duly verified by the defendant in the action. It further appeared that the original answer had not been sworn to, nor had the verification thereto attached been signed by the defendant. The court ordered that the answer should be disregarded, and that judgment should be entered in favor of the plaintiffs.

Upon the affidavits used on the motion to set aside the judgment, there is not the least ground for holding that there was any mistake in serving the copy of an answer purporting to be sworn to by the defendant. And although the original answer purported to have been duly verified by the defendant, yet it is admitted it never had, in fact, been so verified by him. It was a very dishonorable attempt to palm off upon the court and the attorneys of the plaintiffs a verified answer which had not been sworn to. On account of this fraud and imposition on the part of the defendant, the court very properly treated the answer as a nullity. A party serving a false and fraudulent answer ought not to derive any advantage whatever from it.

*By the Court.*—The order of the circuit court, refusing to set aside the judgment, is affirmed.